# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60623
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Demond Fleming,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:21-CR-99-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Demond Fleming challenges the substantive reasonableness of the 160-month, above-guidelines sentence imposed following his guilty plea for possession of a firearm after a felony conviction and distribution of

———————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60623

methamphetamine.  Our review is for an abuse of discretion.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).

Although Fleming asserts that the sentence he received is much higher than the guidelines range that he expected would apply based on his plea agreement, he points to no authority suggesting that this would be a basis for deeming a sentence substantively unreasonable.  We also disagree with his assertion that the district court gave too much weight to his criminal history.  Considering Fleming's lengthy criminal record, which included convictions that did not count toward his criminal history score, the court did not abuse its discretion in finding that his criminal history weighed in favor of an above-guidelines sentence.  *See United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006).  Additionally, despite Fleming's dissatisfaction with the extent of the upward variance or departure, it is well within the range of those this court has affirmed.  *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Zuniga-Peralta*, 442 F.3d 345, 346-48 (5th Cir. 2006).

We note as well that Fleming asks us to provide more guidance on what constitutes substantive reasonableness in sentencing, an invitation we decline.  The district court's judgment is AFFIRMED.